UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-336-BR

| | |
|---|---|
| DENISE L. SEVERINO-TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WAL-MART, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 11 August 2011 motion to dismiss filed by defendant Wal-Mart, Inc. ("Wal-Mart").[1] The motion is now ripe for disposition.

## I. BACKGROUND

Plaintiff Denise L. Severino-Todd ("plaintiff") worked at Wal-Mart Store # 4564 in Goldsboro, North Carolina from January 2008 until 4 September 2010. (Compl., DE # 4, at 4 ¶ 5.) Following her termination, plaintiff filed a charge of employment discrimination against Wal-Mart with the Equal Employment Opportunity Commission ("EEOC"). On 15 March 2011, the EEOC mailed plaintiff a right-to-sue letter, which stated that the EEOC was unable to conclude that the information obtained in the course of its investigation established a statutory violation. (Compl., DE # 4, at 6.) Plaintiff alleges that she received the right-to-sue letter on 22 March 2011. (Id. at 4 ¶ 11.)

On 22 June 2011, plaintiff commenced this action by filing a motion to proceed *in forma pauperis*, and she attached her complaint to the motion. (See DE # 1.) In her complaint,

---

[1] Wal-Mart states that the complaint improperly identifies Wal-Mart, Inc. as the defendant in this lawsuit. The appropriate entity in this action is Wal-Mart Stores East, L.P., which is the operating entity for the store at issue in this case, *i.e.*, Wal-Mart Store # 4564 in Goldsboro, North Carolina. (Br. Supp. Mot. Dismiss, DE # 14, at 1 n.1.)

plaintiff alleges that Wal-Mart discriminated against her and terminated her based on her race and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (Compl., DE # 4, at 2-3 ¶¶ 3-6.)

On 11 August 2011, Wal-Mart filed a motion to dismiss plaintiff's complaint. (DE # 13.) Wal-Mart seeks the dismissal of the complaint in its entirety on the grounds that plaintiff's claims are time-barred, or, in the alternative, that plaintiff fails to state a claim upon which relief can be granted. On 6 September 2011, plaintiff filed a response to the motion to dismiss. (DE # 17.) Wal-Mart filed a reply on 22 September 2011 (DE # 18), and plaintiff filed a sur-reply on 12 October 2011. (DE # 19.)

## II. DISCUSSION

A.  Standard of Review

Wal-Mart moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a Rule 12(b)(6) motion does not traditionally resolve the applicability of defenses, Republican Party, 980 F.2d at 952, "'the defense that the plaintiff's claim is time-barred'" may be reached on a motion to dismiss "'[w]here facts sufficient to rule on an affirmative defense . . . are alleged in the complaint . . . .'" Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 336 (4th Cir. 2009) (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc)); see also Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).

2

B.  Timeliness of Plaintiff's Complaint

Wal-Mart first argues that plaintiff's Title VII claims should be dismissed because they are untimely. Title VII requires a complaint to be filed in federal court within 90 days of the receipt of an EEOC right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). In this case, the right-to-sue letter was mailed to plaintiff on 15 March 2011. (Compl., DE # 4, at 6.) Plaintiff claims that she did not receive the letter until 22 March 2011.[2] (Id. at 4 ¶ 11.) As a result, plaintiff's 90-day deadline for filing a complaint expired on Monday, 20 June 2011. However, plaintiff did not commence this action until Wednesday, 22 June 2011 when she filed her motion to proceed *in forma pauperis*. Thus, it is clear from the face of the complaint that plaintiff's action was untimely filed as a matter of law. See Goodman, 494 F.3d at 464.

Although plaintiff does not deny that she filed her action after the expiration of the statutory deadline, she seeks to avoid the consequences of her late filing by having this court apply the equitable remedy of tolling.[3] The Fourth Circuit Court of Appeals has recognized that "principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson,

---

[2] As mentioned above, the 90-day statutory limitations period for filing a civil action runs from the date that a complainant receives her right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Determination of the date of receipt, therefore, is "critical in determining the commencement of the 90-day period." Nguyen v. Inova Alexandria Hosp., 187 F.3d 630 (table), No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999). Here, plaintiff has specifically pled that she received the right-to-sue letter on 22 March 2011. (Compl., DE # 4, at 4 ¶ 11.) Therefore, for the purposes of the motion to dismiss, the court must take her allegation as true and must assume that the actual date of receipt was 22 March 2011. See Republican Party, 980 F.2d at 952 (This court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff.").

[3] The statute of limitations found at 42 U.S.C. 2000e-5(f)(1) is not jurisdictional in nature and therefore is subject to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Shepard v. Lowe's Food Stores, Inc., No. 1:08CV679, 2009 WL 4738203, at *2 (M.D.N.C. Dec. 7, 2009) (stating, in the context of a claim under the Americans With Disabilities Act, that the 90-day filing requirement in 42 U.S.C. § 2000e-5(f)(1) "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling" (citation and internal quotation marks omitted)).

209 F.3d 325, 328 (4th Cir. 2000). However, the United States Supreme Court has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). Thus, the equitable remedy of tolling is typically applied only "sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) ("rarely will circumstances warrant equitable tolling"); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) ("The circumstances under which equitable tolling has been permitted are . . . quite narrow."); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."). In the Fourth Circuit, equitable tolling is applied in two distinct kinds of situations: (1) where the plaintiff was prevented from asserting his or her claims by some kind of wrongful conduct on the part of the defendant, and (2) where "extraordinary circumstances beyond plaintiff['s] control made it impossible to file the claims on time." Harris, 209 F.3d at 330.

Here, plaintiff does not contend that wrongful conduct by Wal-Mart prevented her from timely filing her lawsuit. Thus, she must satisfy the "extraordinary circumstances" test. This requires "(1) extraordinary circumstances, (2) beyond [the plaintiff's] control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. The plaintiff bears the burden of establishing exceptional circumstances that warrant equitable tolling. See Harris, 209 F.3d at 330; Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); Dahlman v. Am. Ass'n of Retired Persons, 791 F. Supp. 2d 68, 76 (D.D.C. 2011) ("Once a defendant has pleaded a failure . . . to comply with statutory time limits, the burden shifts to the plaintiff to make the

4

case that dismissal is not warranted."). Furthermore, the application of the equitable remedy of tolling is solely within the court's discretion. Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 Fed. Appx. 314, 320 (4th Cir. 2011).

In arguing for the application of equitable tolling, plaintiff states in her response to the motion to dismiss that the attorney she originally retained for this case had a stroke and was unable to fulfill his duties as her attorney. (Pl.'s Resp. Mot. Dismiss, DE # 17, at 1.) She further states that "it was not found out until the last minute about the attorney's stroke and subsequent decline in health to the point they were no longer capable of doing their professional duties and I[,] a layman, picked up doing the job." (Id. at 2.) This is the only information that plaintiff provided in her response regarding the alleged extraordinary circumstances that prevented her from filing her lawsuit on time.

However, following the submission of Wal-Mart's reply brief on the motion to dismiss, plaintiff filed a second response to the motion to dismiss, which is a sur-reply.[4] In the sur-reply, plaintiff provides a few more details regarding her grounds for equitable tolling. She states that she hired attorney Phillip Barton to represent her in October 2010. (Pl.'s Sur-reply, DE # 19, at 2.) Although she does not know when Mr. Barton suffered his stroke, she maintains that she received a phone call from him on the final day of the 90-day statutory limitations period, and "he acted as though we had never spoken before on the case. Yet, all information that he

---

[4] Neither the Federal Rules of Civil Procedure nor this court's local rules of procedure provide for the filing of sur-reply briefs. See Local Civil Rule 7.1 (proper motion practice consists only of a motion and an accompanying supporting memorandum, a response, and a reply, and reply briefs are discouraged); Freeman v. City of Fayetteville, 971 F. Supp. 971, 973 n.1 (E.D.N.C. 1997) ("The Local Rules of this court do not allow for the submission of sur-replies."). However, the court has considered the sur-reply in light of plaintiff's *pro se* status and in an abundance of caution to ensure that her arguments regarding the issue of equitable tolling are fully presented. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

5

requested was already sent to him for the case a couple of months before hand." (Id.) She maintains that Mr. Barton was not "of sound mind" and that "this was not something that anyone had seen as a slow decline in health that could be predicted." (Id.) She further asserts: "I was under the impression that the case was already filed in court and we were awaiting for response to the case filed when I was contacted by Mr. Barton to find out he had not filed the case at all." (Id.) Plaintiff also states that her "last contact with Mr. Barton had been a few weeks prior to the deadline for filing the case until the phone call on the final day." (Id.)

"Illness is rarely valid grounds for the application of equitable tolling." Yarborough v. Burger King Corp., 406 F. Supp. 2d 605, 608 (M.D.N.C. 2005); see also Modrowski v. Mote, 322 F.3d 965, 966, 968 (7th Cir. 2003) (affirming district court's rejection of tolling argument where counsel claimed "a series of physical and mental ailments prevented him" from filing on time); United States v. Taylor, 22 Fed. Appx. 226 (table), No. 01-7114, 2001 WL 1545911, at *1 (4th Cir. Dec. 5, 2001) (untimely and conclusory allegations of illness are insufficient to equitably toll the statute of limitations); Gruber v. Unum Life Ins. Co. of Am., 195 F. Supp. 2d 711, 716 (D. Md. 2002) (attorney illness and hospitalization no excuse for late filing). "Permitting illnesses to trump statutory time limitations would set dangerous precedents and would likely disrupt the efficient administration of justice." Yarborough, 406 F. Supp. 2d at 608. Thus, in cases involving the illness of a party's attorney, courts have applied the doctrine of equitable tolling only in situations where the attorney has suffered a near-total disability or death. See Doherty v. Teamsters Pension Trust Fund of Phila. & Vicinity, 16 F.3d 1386, 1394 (3d Cir. 1994) ("[S]ome mistakes in extraordinary circumstances merit forbearance, and this – a filing in the wrong forum by a lawyer and law firm under the extreme duress caused by the

6

illness and death of the lawyer during the proceedings – may be such a mistake."); Fogg v. Carroll, 465 F. Supp. 2d 336, 346 (D. Del. 2006) (allowing equitable tolling where attorney suffered stroke and "progressively debilitating illness" resulting in death); Lewis v. Superior Court, 220 Cal. Rptr. 594, 595, 599-600 (Cal. Ct. App. 1985) (allowing equitable tolling where attorney was struck by an automobile, resulting in life-threatening injuries and ten days of unconsciousness, including date of filing deadline).

Here, plaintiff has failed to submit objective evidence to establish that her attorney suffered a near-total disability. For example, plaintiff has not submitted any evidence to show when Mr. Barton had his stroke. She also provides no tangible evidence to suggest that Mr. Barton was so disabled that he could not have taken steps to ensure that his client, *i.e.*, plaintiff, was protected. Most importantly, she has not provided an affidavit from Mr. Barton or someone in his office averring to the facts that she has alleged. Thus, there is nothing but pure speculation on the face of the record in this case to support plaintiff's contentions. Plaintiff's unsubstantiated and conclusory allegations do not establish a proper factual basis for equitable tolling.[5]

Plaintiff has also not shown that it was "impossible" to file the claims on time. Harris, 209 F.3d at 330; see also Yarborough, 406 F. Supp. 2d at 609 (attorney's illness and hospitalization "made it more difficult for Plaintiffs to file on time, but not 'impossible'"). There is no evidence that plaintiff was ill or otherwise incapacitated. She was also not required to rely on Mr. Barton to represent her. But having so chosen, she is bound by his actions. See Gayle v.

---

[5] The court further notes that plaintiff has not even provided documentation to show that she actually retained Mr. Barton as her attorney.

Case 5:11-cv-00336-BR   Document 20   Filed 12/20/11   Page 7 of 10

United Parcel Serv., Inc., 401 F.3d 222, 227 (4th Cir. 2005) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . ." (citation omitted)); Rouse, 339 F.3d at 249 (noting that the actions of a client's attorney are attributable to the client); Modrowski, 322 F.3d at 968 ("[A]ttorney incapacity is equivalent to attorney negligence for equitable tolling purposes[, and] . . . attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client.").

Moreover, plaintiff herself had the EEOC notice, which clearly set forth the 90-day deadline. "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Plaintiff could and should have been diligent in her efforts to ensure that her complaint was filed on time. Baldwin County, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); Chao, 291 F.3d at 283 ("Equitable tolling is not appropriate . . . where the claimant failed to exercise due diligence in preserving his legal rights." (citation and internal quotation marks omitted)).

To explain her lack of diligence, plaintiff argues that she was under the "impression" that her attorney had already filed a lawsuit on her behalf. (Pl.'s Sur-reply, DE # 19, at 2-3.) However, plaintiff fails to specify what representations her attorney made that caused her to believe the complaint had been filed, when she thought her attorney filed the complaint, or what

8

subsequent efforts she made to find out whether the complaint had actually been filed. Plaintiff has not established that she had a reasonable belief that her attorney filed a complaint on her behalf, and there is no evidence in the record to show that plaintiff made any independent effort to safeguard her right to file. Thus, the fact that plaintiff was operating under the mistaken assumption that her case was pending before this court is insufficient to invoke equitable tolling principles. See White v. United States, Civ. A. No. 7:06cv00606, 2007 WL 2021895, at *2 (W.D. Va. July 10, 2007), appeal dismissed, 251 Fed. Appx. 818 (table), No. 07-7079, 2007 WL 3095374 (4th Cir. Oct. 24, 2007); Wilkum v. Potter, No. 04-C-805, 2006 WL 372603, at *2 (E.D. Wis. Feb. 15, 2006).[6]

In conclusion, while the court is sympathetic to the plight of the plaintiff, the application of a statute of limitations often has harsh effects, as it does in this case. Plaintiff did not file her complaint within the 90-day statutory limitations period, and she has not demonstrated extraordinary circumstances that warrant equitable tolling. As a result, plaintiff's Title VII claims are barred as untimely, and the complaint will be dismissed.[7]

### III. CONCLUSION

Wal-Mart's motion to dismiss the complaint (DE # 13) is GRANTED, and this action is

---

[6] Furthermore, the fact that plaintiff missed the filing deadline by a relatively short period of time does not justify equitable relief. See, e.g., Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) (in habeas corpus context, court noted that "[w]e consistently have denied tolling even where the petition was only a few days late"); Marcello, 212 F.3d at 1010 ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests . . . ."); Douglas v. US Airways Group, Inc., No. 3:10cv42, 2011 WL 1769747, at *5 (W.D.N.C. May 9, 2011) (dismissing *pro se* plaintiff's Title VII action where complaint was filed one day late and there was no evidence that the Clerk's office was closed or inaccessible); Yarborough, 406 F. Supp. 2d at 606 (declining to apply equitable tolling where plaintiffs' Title VII claims were filed two days late).

[7] Because the court has found that plaintiff's claims are time-barred, the court does not consider Wal-Mart's alternative argument that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

9

DISMISSED WITH PREJUDICE.  The Clerk is DIRECTED to enter judgment in favor of Wal-Mart and close the case.

This 20 December 2011.

                                                                                       W. Earl Britt
                                                                                       Senior U.S. District Judge